# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

---

PHILLIP PHŒNIX AND GEORGE HENRY WARREN, AS
ONLY SURVIVING TRUSTEES UNDER THE LAST WILL AND TESTA-
MENT, AND CODICIL THERETO, OF STEPHEN WHITNEY, PLAIN-
TIFFS, APPELLANTS AND RESPONDENTS, *v.* PHILLIP PHŒNIX
AND OTHERS, AS EXECUTORS, ETC., MARY CAROLINE WAR-
REN AND OTHERS, DEFENDANTS, APPELLANTS AND RESPONDENTS.

*Trust to lease, manage and sell and reinvest the proceeds of real estate — the commis-*
*sions of the trustee are to be based upon the value of the real estate and not upon*
*the value of an estate for the life during which the trust continues — Where a*
*trust embraces only a portion of a residuary estate to be divided by the trustees,*
*the trustees are entitled only to commissions on the portion embraced in the*
*trust — A trust continued for the benefit of the widow on the death of her hus-*
*band — is not a basis for a second allowance of full commissions to the trustee.*

APPEALS by the plaintiffs from certain portions of a judgment
and by the defendants from the entire judgment, entered upon the
report of a referee in an action brought for the passing and allow-
ance of the plaintiffs' accounts as trustees, etc. After holding that
under the provisions of the testator's will, the offices of executor and
trustee were distinct, and that the executors and trustees were
entitled to full commissions in each capacity, citing *Valentine* v.
*Valentine* (2 Barb. Ch., 430); *Drake* v. *Price* (5 N. Y., 430); *In
the Matter of Carman* (3 Redf., 46); *Hall* v. *Hall* (78 N. Y.,
535); *Hurlburt* v. *Durant* (88 N. Y., 121); *The estate of James
I. Roosevelt* (Surrogate's Ct., Daily Register, June 1, 1882).

The court at General Term said : " The other question presented
by the defendants, as appellants, arises on their appeal from that
part of the referee's finding, allowing commissions to the trustees
on the body of the real estate, held in trust ; they insisting, that
if commissions are allowed for the management of the real estate, they

should be based upon the value of the life estate, and not upon the value of the fee thereof.

" The trusts created are express trusts, such as are retained and legalized by the statute relating to uses and trusts. (1 R. S., 728, sec. 55.)

" By the eighteenth clause of the will, the trustees were empowered to lease the real estate for a term of years, to improve and repair the property, to sell, convey, and convert into money, portions of the real estate, and to reinvest the same in other real estate and to invest the personal estate in real property, as the trustees in their judgment deemed for the best interests of the beneficiaries.

" To carry out these provisions of the will, it was essential and necessary, that the trustees should be vested with the title of the real estate, during the continuance of the trust.

" A trust is always constituted through the medium of a legal estate and a trustee. Such an estate is a present estate, and by the settled principles of law, is equal in quantity and duration to the legal purposes of the trust.

" By the sixtieth section of the statute (1 R. S., 729), relating to uses and trusts, it is provided, every express trust valid as such in its creation shall vest the whole estate in the trustees, in law and equity, subject only to the execution of the trust, and the persons for whose benefit the trust is created shall take no estate or interest in the land, but may enforce the provisions of the trust in equity.

" Upon the termination of the trust, the title to the real estate will vest in the remaindermen without a conveyance from the trustees by operation of the statute. But this does not change the proposition, that during the continuance of the trust the title is complete in the trustees.

" The testator made no provision in his will for compensating the trustees for taking upon themselves the onerous duties and obligations imposed upon them in carrying out the wishes and directions of the testator. From the omission to fix their compensation, or to declare that they should have none, the law implies that he intended that they should have such just and reasonable reward as should be given them by the courts having jurisdiction to supervise their actions and adjust their accounts, as between themselves and the *cestui que trusts.*

"In *Meacham* v. *Sternes* (9 Paige, 398) it was held that where the instrument creating the trust contains no provision as to the compensation which the trustees are to receive for their services in the execution of the trust, the Court of Chancery, upon an accounting by the trustees, will allow them the same compensation by way of commission as is allowed to executors and guardians for similar services.

"In that case the trust was created by a debtor in his property for the benefit of his creditors. The rule, as established in that case by the chancellor, has been applied uniformly to testamentary trustees, and their commissions are fixed and governed accordingly.

"In a trust of this nature, where the entire control and management of the real estate is confided to the trustees, the decisions are uniform in holding that their commissions are to be cast upon the value of the real estate as a safe, prudent and uniform mode of ascertaining the value of the services rendered by the trustees.

"In *McWhorter* v. *Benson* (Hopk. Rep., 42) the rule, and the reason of it, is stated as follows : 'The amount of property confided to an executor, administrator or guardian, and passing through his hands, is a basis upon which his reward may be easily computed. The custody and care of the estate are his duty ; and his services in general bear a just proportion to the amount of the estate Though the value of his services may not be in exact proportion to the value of the estate, yet in the general course of these affairs the amount of the estate indicates with sufficient exactness the extent of his labors, cares and services and their reasonable value.'

"Thus a plain rule of calculation is afforded by the amount of property held in trust, a rule comprehensive as well as simple, and which in all ordinary cases is a very just criterion of the reasonable value of the services of the trustee. ( *Wagstaff* v. *Lowerre*, 23 Barb., 209 ; *Green, Admr.*, v. *Sanders ;* 18 Hun, 308 ; *Matter of Edward Schell*, 53 N. Y., 263 ; *Matter of Augustus H. Ward*, 4 Redf., 47 ; *Mann* v. *Lawrence*, 3 Bradf., 425 ; *Savage* v. *Sherman*, 24 Hun, 311 ; *Matter of Moffat*, Id., 327.)

"The last case cited was recently decided in this court and involves the same question as the one now before us, and approves the rule laid down in *McWhorter* v. *Benson (supra).*  \*  \*  \*

"The plaintiffs contend that they were entitled to commissions upon so much and such parts of the undivided one-fourth part of

the residuary estate as were, by the terms of the codicil, distributed to the grandchildren upon the death of the testator.

" Henry, one of the sons of the testator, was, by the terms of the original will, given one-sixth part of his residuary estate, as mentioned in the eleventh clause of the will, upon the same trust as mentioned in the eighth clause of the will, which is set forth in the statement of the case. At the time of the making of the codicil Henry was deceased and left him surviving his wife Maria. In the codicil the testator refers to that event, and to the provision made for his son Henry by the eleventh clause of the will, and provides as follows :

" ' The gift and devise in the eleventh clause to Henry, and which by reason of his death would be subject to distribution at my decease under the fifteenth clause, shall be of one-fourth of my estate, real and personal, as expressed in the said eleventh clause, subject, however, to an annuity of one thousand dollars per annum, to be paid quarterly to the widow of my son Henry, Mrs. Maria Whitney, during her life ; for which a part of the fourth part, or share of my estate, which Henry would have had appropriated to his use, shall be set apart and held in trust by the executors and trustees during her life.'

" Samuel and Stephen, two of his sons, were also dead at the time of the making of the codicil, and had been provided for in the original will under the tenth and twelfth clauses, and he revokes the same and directs his estate to be divided into four parts instead of six. He does, in terms, create a trust in a part and portion of the one-fourth part of his residuary estates in favor of Maria Whitney, Henry's widow, to raise an annuity in the sum of one thousand dollars, and the balance of the one-fourth of the estate is given directly to his grandchildren.

" Over the parts and portions of the real estate which was thus given directly to grandchildren, as mentioned in this and the fifteenth clause of the will, no trust was created and the trustees had no power and control over the same.  *  *  *

" We, therefore, concur in the conclusion reached by the learned referee, that the trustees were not entitled to commissions, upon that portion of the residuary estate, which upon the death of the testator, vested directly in his grandchildren, in pursuance of the

provisions in the fifteenth clause of the will, and the third of the codicil. And as commissions were allowed them upon so much, as was invested, for the benefit of Henry's widow, being the sum of nineteen thousand dollars, they have received all the compensation to which they are entitled.

" Further commissions were claimed by the plaintiffs for receiving under the testator's will, and turning over, upon the partitions made under the provisions of the sixteenth clause thereof, all those parts of the testator's real estate which, upon such partition, was set apart in severalty to the trustees under the respective trusts created by the eighth, ninth and thirteenth clauses of the will.

" This was disallowed, and we are of the opinion that the referee was correct in the conclusions which he reached in this particular. * * *

" The trustees also made a claim for commissions, for the turning over, upon the determination of the trust under the thirteenth clause of the will, upon the death of the testator's son William, to the trustees under the trust created by the twentieth clause, all the one-third part of that portion of the testator's real estate which, in the partition of 1861, had been set apart in severalty to the four trustees under the trust created by the thirteenth clause of the will.

" At the time of the partition, made in the year 1861, William was alive, and the real estate which was assigned to the trust for his benefit was conveyed to the trustees for that purpose. William died in June, 1862, leaving a widow. A portion of the real estate partitioned in 1861, and set apart in trust for William's benefit, remained unsold at that time.

" By the twentieth clause of the will it was provided, that if either of the sons of the testator should die leaving a widow him surviving, then the trustees were directed to apply to her use, during her widowhood, the net rents, profits and income of the one-third part of the shares, to the income of which her husband was entitled during his life, in the real estate which might remain unsold at the time of the death of her husband.

" The trustees claim that by this provision of the will a new trust was created, separate and distinct from the one then existing, and that they were entitled to commissions upon the body of the real estate, the income of which was given to the widow.

" The referee held that it was not a new trust in any proper sense, but was a continuation of the trust created by the thirteenth clause of the will, over a portion of the real property which remained unsold, for the benefit of the widow.

"We are of the same opinion, and sustain the referee in his rulings in this particular."

*William B. Ross* and *John K. Porter,* for the plaintiffs, appellants.

*J. Frederick Kernochan,* for Maria W. Livingston and others, as administrator of William Whitney.

*Edward S. Dakin,* guardian *ad litem* of Stephen Whitney and others, infant defendants and appellants.

Opinion by BARKER, J.; BRADY, P. J., and DANIELS, J., concurred.

Judgment modified as directed in opinion, and affirmed as modified without costs.